IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2006

Civil Action No. 06-cv-01816-BNB

KENT ELWOOD MARTIN ROBY,

    Plaintiff,

v.

EL PASO COUNTY CRIMINAL JUSTICE CENTER,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Kent Elwood Martin Roby is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. On September 6, 2006, Plaintiff filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

In the Complaint, Plaintiff alleges that while he was booked into the El Paso County Criminal Justice Center he was choked by deputies, even though he was incapable of resisting arrest due to the medications that he was taking. He also alleges that (1) a picture was taken of him while he was being choked, (2) he was placed in lockdown status for a month because he would not allow a new picture to be taken of

him, and (3) he was threatened with physical violence if he discussed the choking incident with anyone.  Plaintiff seeks money damages.

Mr. Roby may not sue Defendant El Paso County Criminal Justice Center.  The Justice Center is not a separate entity from El Paso County and, thus, is not a person under 42 U.S.C. § 1983.  **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), **aff'd**, 986 F.2d 1429 (10th Cir. 1993).  The claim asserted against the Justice Center must be considered as asserted against El Paso County.

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993).  To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989).  Mr. Roby cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  **See Monell**, 436 U.S. at 694.

To the extent that Plaintiff asserts violations of his constitutional rights, personal participation by named defendants is an essential allegation in a civil rights action.  **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976) **Id.**  Plaintiff must show that each defendant caused the deprivation of a federal right.  **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir.

1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Plaintiff, therefore, will be directed to amend the Complaint. He is instructed to name proper defendants and assert how they personally participated in the alleged constitutional violations.

Plaintiff also will be ordered to state how he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Plaintiff has not submitted copies of any administrative grievances, and although he asserts that there is a grievance procedure at the facility where he is held, he fails to describe with specificity the steps he has taken to exhaust the administrative remedies

for each of the claims he raises. If in the Amended Complaint Plaintiff fails to meet the pleading requirement for asserting exhaustion the action will be dismissed. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of the Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with the Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED September 22, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-1816-BNB

Kent Elwood Martin Roby
#A00195591
El Paso Criminal Justice Ctr
2739 E. Las Veags St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on____9-22-06____

                              GREGORY C. LANGHAM, CLERK

                         By: _____
                                  Deputy Clerk